JEFFREY W. KRAMER (SBN 71547)
Email:      jkramer@troygould.com
ANNMARIE MORI (SBN 217835)
Email:      amori@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone:  (310) 553-4441
Facsimile:  (310) 201-4746

Attorneys for Plaintiffs
Broadcast Music, Inc., Chinquapin Music, Boy Rocking Music, Warner Tamerlane Publishing Corp., Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing, Ms Ducks Ditties, EMI Virgin Songs, Inc. d/b/a EMI Longitude Music, Sure-Fire Music Company, Inc., Peermusic III Ltd., Showbilly Music, and Brujo Music

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; CHINQUAPIN MUSIC; BOY ROCKING MUSIC; WARNER TAMERLANE PUBLISHING CORP.; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; MS DUCKS DITTIES; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; SURE-FIRE MUSIC COMPANY, INC.; PEERMUSIC III LTD.; SHOWBILLY MUSIC; BRUJO MUSIC,<br><br>      Plaintiffs,<br>v.<br><br>NATALIE PAULINA MEARS, individually owned and d/b/a ETHEL'S OLD CORRAL,<br><br>      Defendants. | Civil Action No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT |

03202-0021 240803.2

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against defendants, allege as follows (on knowledge as to plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Chinquapin Music is a sole proprietorship owned by Walter Allen Richmond. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Boy Rocking Music is a sole proprietorship owned by Paul Steven Ripley. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Warner Tamerlane Publishing Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

1  8.  Plaintiff Sony/ATV Songs LLC is a limited liability company d/b/a Sony/ATV Tree Publishing. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9.  Plaintiff Ms Ducks Ditties is a sole proprietorship owned by Jan Herrell Bidewell a/k/a Jan Buckingham. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10.  Plaintiff EMI Virgin Songs, Inc. is a corporation d/b/a EMI Longitude Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11.  Plaintiff Sure-Fire Music Company, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12.  Plaintiff Peermusic III Ltd. is a limited company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13.  Plaintiff Showbilly Music is a sole proprietorship owned by Ronnie Gene Dunn. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14.  Plaintiff Brujo Music is a partnership owned by August E. Meyer, Jr. and Anthony Tomblin a/k/a Lucky Tomblin. This plaintiff is the copyright owner of at least one of the songs in this matter.

15.  Defendant, Natalie Paulina Mears, operates, maintains and controls an establishment known as Ethel's Old Corral, located at 4310 Alfred Harrell Highway, Bakersfield, California 93308-9606, in this district. Defendant Natalie Paulina Mears, individually and d/b/a Ethel's Old Corral is hereinafter referred to as "Defendant." In connection with the operation of this business, Defendant publicly performs musical compositions and/or causes musical compositions to be publicly performed.

## CLAIMS OF COPYRIGHT INFRINGEMENT

16. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 15.

17. Plaintiffs allege nine (9) claims of copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

18. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the nine (9) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

19. For each musical composition identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

20. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and

received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

21. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

22. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

23. The specific acts of copyright infringement alleged in the Complaint, as well as Defendant's entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendant threatens to continue committing copyright infringement. Unless this Court restrains Defendant from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

24. Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504. Plaintiffs further seek an order that Defendant be enjoined, pursuant to 17 U.S.C. § 502 from infringing, in any manner, the copyrighted musical compositions licensed by BMI.

WHEREFORE, Plaintiffs pray that:

1. Defendant, her agents, servants, employees, and all persons acting under her permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

COMPLAINT FOR COPYRIGHT INFRINGEMENT

03202-0021 240803.2

1     2.     Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

3. Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

4. Plaintiffs have such other and further relief as is just and equitable.

Dated: December 28, 2012         Respectfully submitted,

JEFFREY W. KRAMER
ANNMARIE MORI
TROYGOULD PC

By: *[signature]*
AnnMarie Mori
Attorneys for Plaintiffs Broadcast Music, Inc., Chinquapin Music, Boy Rocking Music, Warner Tamerlane Publishing Corp., Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing, Ms Ducks Ditties, EMI Virgin Songs, Inc. d/b/a EMI Longitude Music, Sure-Fire Music Company, Inc., Peermusic III Ltd., Showbilly Music, and Brujo Music

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Baby Likes To Rock It |
| Line 3 | Writer(s) | Steve Ripley; Walt Richmond |
| Line 4 | Publisher Plaintiff(s) | Walter Allen Richmond d/b/a Chinquapin Music; Paul Steven Ripley d/b/a Boy Rocking Music; Warner-Tamerlane Publishing Corp. |
| Line 5 | Date(s) of Registration | 10/13/94 |
| Line 6 | Registration No(s). | PA 730-793 |
| Line 7 | Date(s) of Infringement | 6/20/12 |
| Line 8 | Place of Infringement | Ethel's Old Corral |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Blue Rose Is |
| Line 3 | Writer(s) | Pam Tillis a/k/a Pamela Y. Tillis; Bob Di Piero; Jan Buckingham |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing; Jan Herrell Bidewell a/k/a Jan Buckingham d/b/a Ms Ducks Ditties; EMI Virgin Songs, Inc. d/b/a EMI Longitude Music |
| Line 5 | Date(s) of Registration | 2/7/91 |
| Line 6 | Registration No(s). | PA 508-808 |
| Line 7 | Date(s) of Infringement | 6/20/12 |
| Line 8 | Place of Infringement | Ethel's Old Corral |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Coal Miner's Daughter |
| Line 3 | Writer(s) | Loretta Lynn |
| Line 4 | Publisher Plaintiff(s) | Sure-Fire Music Company, Inc. |
| Line 5 | Date(s) of Registration | 10/31/69 |
| Line 6 | Registration No(s). | Ep 264942 |
| Line 7 | Date(s) of Infringement | 6/20/12 |
| Line 8 | Place of Infringement | Ethel's Old Corral |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 4 | |
| Line 2 | Musical Composition | Georgia On My Mind | |
| Line 3 | Writer(s) | Stuart Gorrell; Hoagy Carmichael | |
| Line 4 | Publisher Plaintiff(s) | Peermusic III Ltd. | |
| Line 5 | Date(s) of Registration | 12/23/57 | 12/31/57 |
| Line 6 | Registration No(s). | R 205803 | R 205347 |
| Line 7 | Date(s) of Infringement | 6/20/12 | |
| Line 8 | Place of Infringement | Ethel's Old Corral | |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 5 | |
| Line 2 | Musical Composition | He Stopped Loving Her Today | |
| Line 3 | Writer(s) | Robert V. Braddock p/k/a Bobby Braddock; Claude Putman, Jr., p/k/a Curly Putman | |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing | |
| Line 5 | Date(s) of Registration | 4/24/78 | 4/7/80 |
| Line 6 | Registration No(s). | PA 2-918 | PA 69-378 |
| Line 7 | Date(s) of Infringement | 6/20/12 | |
| Line 8 | Place of Infringement | Ethel's Old Corral | |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 6 | |
| Line 2 | Musical Composition | Heartaches By The Number | |
| Line 3 | Writer(s) | Harlan Howard | |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing | |
| Line 5 | Date(s) of Registration | 6/18/87 | 6/18/87 |
| | | 7/20/61 | 5/1/59 |
| Line 6 | Registration No(s). | RE 342-222 | RE 342-209 |
| | | Ep 154404 | Eu 574758 |
| Line 7 | Date(s) of Infringement | 6/20/12 | |
| Line 8 | Place of Infringement | Ethel's Old Corral | |

| | | |
|---|---|---|
| Line 1 | Claim No. | 7 |
| Line 2 | Musical Composition | Neon Moon |
| Line 3 | Writer(s) | Ronnie Dunn |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing; Ronnie Gene Dunn, an individual d/b/a Showbilly Music |
| Line 5 | Date(s) of Registration | 9/16/91 |
| Line 6 | Registration No(s). | PA 536-368 |
| Line 7 | Date(s) of Infringement | 6/20/12 |
| Line 8 | Place of Infringement | Ethel's Old Corral |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 8 | |
| Line 2 | Musical Composition | When I Die, Just Let Me Go To Texas | |
| Line 3 | Writer(s) | William Edwin Bruce, Jr. ; Robert J. Borchers; Patsy Ann Smithson Bruce | |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing | |
| Line 5 | Date(s) of Registration | 3/16/78 | 8/1/77 |
| Line 6 | Registration No(s). | PA 2-658 | Eu 808190 |
| Line 7 | Date(s) of Infringement | 6/20/12 | |
| Line 8 | Place of Infringement | Ethel's Old Corral | |

| | | |
|---|---|---|
| Line 1 | Claim No. | 9 |
| Line 2 | Musical Composition | Que Paso a/k/a (Hay Baby) Que Pa So |
| Line 3 | Writer(s) | Augie Meyers; Bill Sheffield |
| Line 4 | Publisher Plaintiff(s) | August E. Meyer, Jr. and Anthony Tomblin a/k/a Lucky Tomblin, a partnership d/b/a Brujo Music |
| Line 5 | Date(s) of Registration | 12/27/90 |
| Line 6 | Registration No(s). | PA 498-740 |
| Line 7 | Date(s) of Infringement | 6/20/12 |
| Line 8 | Place of Infringement | Ethel's Old Corral |